IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

| | | |
|---|---|---|
| TROY I. SOARES SR. | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | JURY TRIAL DEMANDED |
| MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY | : | |
| Defendant | : | NO. |

## COMPLAINT

1.  The Plaintiff, Troy I. Soares Sr., is a competent adult individual residing in Providence, Rhode Island 02905.

2.  The Defendant, Massachusetts Bay Commuter Railroad Company, is a foreign limited liability company, organized and existing under the laws of the State of Delaware, doing business in the state of Massachusetts and whose address for service of process is accepted by CT Corporation, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

3.  This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Locomotive Inspection Act, 45 U.S.C. §§2-34.

4.  At all times hereto, the Defendant, Massachusetts Bay Commuter Railroad Company, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, and other states of the United States.

5.  At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen

and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All of the property, equipment and operations involved in this occurrence hereinafter referred to is owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. On or about May 14, 2008, the Plaintiff, while working within the scope of his employment, was injured in the area of the Mylod Street Bridge, in Walpole, Massachusetts, due to unsafe and inadequate working conditions.

9. The aforesaid occurrence was proximately caused, in whole or in part, by the negligence of the Defendant and/or the negligence of the Defendant's employees and/or agents.

10. The Defendant failed to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60. Specifically, the Plaintiff was violently thrown forward when the anchor squeezer he was operating was suddenly struck from behind

11. The Defendant failed to warn all employees of an unsafe situation resulting in the Plaintiff's injuries.

12. As a direct result of the Defendant's negligence, the Plaintiff suffered injury to his back.

13. By reason of the Plaintiff's injuries, the Plaintiff was disabled from gainful employment, lost wages, his earning capacity was impaired, and incurred outstanding medical bills.

14. By reason of Plaintiff's injuries, Plaintiff sustained pain and suffering, depression and anxiety, inconvenience and loss of enjoyment of life, past, present and future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

Plaintiff demands trial by jury.

LAWSON & WEITZEN, LLP

Dated: May 12, 2011    BY:    /s/ Michael J. McDevitt
MICHAEL J. MCDEVITT, ESQ. BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff
MMcDevitt@lawson-weitzen.com

HANNON & PALERMO, P.C.

Dated: May 12, 2011    BY:    /s/ Don P. Palermo
DON P. PALERMO, ESQ.
The Public Ledger Building - Suite 940
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff
hpmail@hannonandpalermo.com